JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
In three assignments of error, plaintiff-appellant, Southern Ohio Surety Bond Agency, Inc., contests the entry of summary judgment in favor of defendants-appellees Evergreen National Indemnity Company and Commercial Surety Agency, Inc., d/b/a Century Surety Underwriters ("CSU"), on Southern Ohio's claims for breach of contract and tortious interference. Southern Ohio sought commissions due for environmental-landfill and contract-surety bonds issued on behalf of The Rumpke Companies. Under 1994 and 1999 agreements, Southern Ohio was authorized to market and to sell bonds for which it could collect commissions from the appellees according to a specified commission schedule.
When, as here, the parties moving for summary judgment have discharged their initial burden of identifying the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims, the nonmoving party has the reciprocal burden of producing evidence on the issues for which it bears the burden of production at trial. See Civ.R. 56(C); see, also,Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264.
In two interrelated assignments of error, Southern Ohio contests the entry of summary judgment on its breach-of-contract claims. First, Southern Ohio failed to make any showing to establish that the 1994 agency agreement entitled it to a 25% commission on bonds written by Evergreen during the years 1994 to 1998 — an essential element of its claim. Next, Southern Ohio failed to demonstrate how it was entitled to commissions under the 1999 agreement when, after October 2000, CSU never approved Southern Ohio's issuance of bonds. The agreement provided that Southern Ohio was not entitled to commissions unless CSU authorized and approved the underlying bonds. See Civ.R. 56(C); see, also, Dresher v. Burt. The first and second assignments of error are overruled.
Southern Ohio's claim for tortious interference in a business relationship also failed. It could not demonstrate any genuine issue of material fact on the issues for which it bore the burden of production at trial, including whether the appellees committed any improper acts taken to procure a contractual breach or to terminate a business relationship. See AB-Abell Elevator Co. v.Columbus/Cent. Ohio Bldg. Constr. Trades Council,73 Ohio St.3d 1, 14, 1995-Ohio-66, 651 N.E.2d 1283; see, also, Civ.R. 56(C); Dresher v. Burt. Pursuant to Section I.C.3 of the 1999 agreement, Evergreen had the express right to cancel CSU's authority to underwrite and to approve the issuance of the type of environmental surety bonds that Rumpke required. The third assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Gorman and Painter, JJ.